# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

MADISON BEAR, LLC assignee of )
MREA SAVANNAH, LLC, )
                                                      Plaintiff, )
vs. )    Case No. _____
   )
NOIRE THE NAIL BAR USA, LLC, )
KHIEM LE, THUY VAN PHAM, TU )
DANG, VINH MAI and RAYMOND M. )
STRUDER, )
                                                Defendants. )

## COMPLAINT

Plaintiff Madison Bear, LLC assignee of MREA Savannah, LLC ("Plaintiff"), by its undersigned attorneys, as and for its Complaint against Defendants Noire The Nail Bar USA, LLC, Khiem Le, Thuy Van Pham, Tu Dang, Vinh Mai and Raymond M. Struder (Collectively, "Defendants") and respectfully alleges as follows:

### The Parties, Jurisdiction and Venue

1. Plaintiff, Madison Bear, LLC, is a South Carolina limited liability company having a principal place of business in Charleston, Charleston County, in the State of South Carolina. Madison Bear, LLC was exclusively assigned all rights, title, and interest in MREA Savannah, LLC, a Georgia limited liability company having had a principal place of business in Charlotte, Mecklenburg County, in the State of North Carolina.

2. Defendant Noire The Nail Bar USA, LLC, is a Tennessee limited liability company with a principal office located at 1336 Charlottesville Boulevard, Knoxville, Tennessee 37922, and may be served with process through its registered agent, Khiem Le, at 1336 Charlottesville Boulevard, Knoxville, Tennessee 37922.

1

3. Defendant, Khiem Le, is an individual residing in Knox County, State of Tennessee at 1336 Charlottesville Boulevard, Knoxville, Tennessee 37922. Defendant, Khiem Le, is the registered agent for Noire The Nail Bar USA., LLC. Defendant Le executed a personal guarantee for the lease obligation of Defendant Noire The Nail Bar USA, LLC at issue.

4. Defendant, Thuy Van Pham, is an individual residing in Knox County, State of Tennessee and may be served at 1336 Charlottesville Boulevard, Knoxville, Tennessee 37922. Defendant Pham executed a personal guarantee for the lease obligation of Defendant Noire The Nail Bar USA, LLC at issue.

5. Defendant Tu Dang, is an individual residing in Knox County, State of Tennessee and may be served at 1336 Charlottesville Boulevard, Knoxville, Tennessee 37922. Defendant Dang executed a personal guarantee for the lease obligation of Defendant Noire The Nail Bar USA, LLC at issue.

6. Defendant Vihm Mai, is an individual residing in Knox County, State of Tennessee and may be served at 1336 Charlottesville Boulevard, Knoxville, Tennessee 37922. Defendant Mai excuted a personal guarantee for the lease obligation of Defendant Noire The Nail Bar USA, LLC at issue.

7. Defendant Raymond J. Struder, is an individual residing in Knox County, State of Tennessee and may be served at 800 Spinnaker Road, Knoxville, TN 37922. Defendant Struder executed a personal guarantee for the lease obligation of Defendant Noire The Nail Bar USA, LLC at issue.

8. This court has subject matter jurisdiction over this action and the claims asserted in this complaint under 28 U.S.C. § 1332, because there is complete diversity of citizenship between the plaintiff and all the defendants in this action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in the Eastern District of Tennessee by virtue that the Defendants all reside and conduct business in the Eastern District of Tennessee.

**Facts Common to All Causes of Action**

10. On July 25, 2017, MREA Savannah, LLC and Defendants signed and entered into a "Triple Net Lease Agreement," whereby Defendants agreed to lease approximately 2,400 square feet, more or less, of a shopping center that MREA Savannah, LLC was developing at the commercial business premises known as 10 Berwick Boulevard, City of Savannah, Chatham County Georgia (the "Lease Premises"). The term of the Lease between the parties was for a period of ten (10) years, commencing from the date that MREA Savannah, LLC turned the Lease Premises over to Defendants for Defendants' operation of a nail salon business. The obligations of Defendants under the Lease Agreement at issue with the MREA Savannah, LLC are fully set forth in a copy of the Lease Agreement dated July 25, 2017 (Exhibit A), and those terms and conditions are incorporated by reference as if restated at length verbatim.

11. On or about December of 2018, Defendants took possession of the Leased Premises and began making rent payments 120 days later on April 1, 2018.

12. Subsequent to the time that Defendants began their occupancy and use of the Lease Premises, Defendants became late in making payment of the rent and additional monthly CAM and property tax assessments due under the Lease Agreement, making a final payment on or about July 22, 2021, to Madison Bear, LLC.

13. As a consequence of the Defendants' breach of the Lease Agreement, Madison Bear, LLC initiated ejectment proceedings against the Defendants in Chatham County, Georgia in March of 2022.

14. The Defendants have breached the terms of the Lease Agreement and defaulted in their obligations under the Lease Agreement.

15. When Defendants vacated the Lease Premises, it was without having made an agreement or settlement with Madison Bear, LLC to satisfy the Defendants' contractual obligations to make payment for both past-due and future rent and monthly assessments due under the July 25, 2017 Lease Agreement.

16. Despite diligent efforts, Plaintiff was not able to gain a new tenant for the Lease Premises until November 2022.

17. As of November 1, 2022, Defendants owe Plaintiff the sum of $178,769.64 in past due rent as of October 1, 2022, the sum of $39,522.60 in additional rent due from November 1, 2022 to the date that Plaintiff's new tenant began making rent payments for the Lease Premises, and the sum of the $197,177.46 for late fees, real estate commissions, upfit for the new tenant, locksmith and cleaning costs for a total of $319,469.70, after applying a $96,000.00 credit for escrowed upfit monies to Defendants' account.

18. As of October 12, 2022, Defendants are indebted to the Plaintiff, jointly and severally, in the amount of $319,469.70, exclusive of Plaintiff's costs, late fees and attorney's fees in collection of said debt.

19. Defendants have failed to tender any sum to Plaintiff toward their indebtedness under the July 25, 2017 Lease Agreement despite pre-litigation demands made by Plaintiff to Defendants.

### As and For a First Cause of Action
**(Breach of Contract)**

20. Plaintiff repeats and re-alleges paragraphs 1 through 19 as if restated here at length.

21. MREA Savannah, LLC and Defendant entered into a valid and enforceable contract by a July 25, 2017 Lease Agreement for Defendants to the lease the Lease Premises from the Plaintiff under the terms and conditions set forth in Exhibit A the terms of which are incorporated herein as if restated at length.

22. Plaintiff, and MREA Savannah, LLC, have fully performed all terms and obligations required of MREA Savannah, LLC under the March 29, 2019 Lease Agreement.

23. Each of the individual defendants, Khiem Le, Thuy Van Pham, Tu Dang, Vinh Mai and Raymond M. Struder, personally guaranteed that they would be individually and jointly and severally liable for the default and breach of the Lease Agreement by Defendant Noire The Nail Bar USA, LLC.

24. The Defendants have breached and defaulted under the parties' July 25, 2017 Lease Agreement by failing to make payments due thereunder to Plaintiff despite demand.

25. Plaintiff has not waived or excused Defendants' default and breach under the parties' July 25, 2017 Lease Agreement.

26. Plaintiff has put the Defendants on notice that the Defendants are in breach of the Lease Agreement and owe the Plaintiff for damages therefor.

27. As a direct and proximate result of the Defendants' breach of contract, Plaintiff has suffered actual, incidental and consequential damages of at least $319,469.70, exclusive of Plaintiff's costs and attorney's fees.

28. Defendants jointly and severally owe the Plaintiff, as of October 12, 2022, the sum of $319,469.70, exclusive of late fees, interest, court costs and attorney's fees.

29. Plaintiff is justly due and owed the amount stated on the Affidavit, in addition to interest, attorney's fees, costs and late fees.

30. Under the terms of the parties' July 25, 2017 Lease Agreement, Plaintiff, as assignee of MREA Savannah, LLC, is entitled to recover from Defendants the Plaintiff's costs and reasonable attorney's fees incurred in the event and result of Defendants' breach and failure to honor the terms of the parties' July 25, 2017 Lease Agreement, and Plaintiff demands judgment to include such damages.

31. Plaintiff further seeks pre-judgment interest on the damages on its breach of contract claim against Defendant.

**As and For a Second Cause of Action
(Unjust Enrichment)**

32. Plaintiff repeats and re-alleges paragraphs 1 through 31 as if restated here at length.

33. Non-payment of the sums due to the Plaintiff under the parties' July 25, 2017 Lease Agreement have conferred a benefit upon Defendants which benefit has been appreciated or realized and which benefit has been accepted by Defendants under circumstances which are inequitable for Defendants to retain without payment to the Plaintiff for the value and/or agreed cost thereof.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

1. That process be issued and served upon the Defendants requiring them to answer within the time allowable by law;

2. That the Court enter judgment against Defendants for all of Plaintiff's actual, consequential and incidental damages on Plaintiff's causes of action against Defendant, as well as, awarding pre-judgment and post-judgment interest on said damages as provided by Tennessee law;

3. That the Plaintiff be awarded Judgment on its Stated Account cause of action in the amount of $319,469.70;

4. That the Court award Plaintiff its costs, disbursements and reasonable attorney's fees incurred in the prosecution of this action;

5. That the Plaintiff be award its costs; and

6. That the Court enter such other relief as is just and proper.

Respectfully submitted,

s/ R. Deno Cole
R. DENO COLE, BPR #018595
McGehee, Cole, Guindi & Walling, P.C.
Attorney for Plaintiff
P.O. Box 57
Knoxville, Tennessee 37901-0057
(865) 281-8400
deno@denocole.com